**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Quinton Neal FENNELL, Defendant–Appellant.**

**No. 94–7179.**

United States Court of Appeals, Tenth Circuit.

Aug. 30, 1995.

Submitted on the briefs: *

Gene V. Primomo of Wilcoxen, Wilcoxen & Primomo, Muskogee, OK, for defendant-appellant.

---

* The parties have agreed that this case may be submitted for decision on the briefs. *See* Fed.

R.App.P. 34(f); 10th Cir.R. 34.1.2. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

John Raley, United States Attorney, and Paul G. Hess, Assistant United States Attorney, Eastern District of Oklahoma, Muskogee, OK, for plaintiff-appellee.

Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.

McKAY, Circuit Judge.

Pursuant to a plea bargain struck with the government, Mr. Fennell pled guilty to possession of an automatic machine gun in violation of 18 U.S.C. § 922(o) and 18 U.S.C. § 2. He does not here contest his guilt. Mr. Fennell does, however, take issue with the sentence imposed upon him by the district court. The presentence report, concluding that Mr. Fennell had used his machine gun in connection with a felonious assault, recommended a sentence based upon the four-level enhancement required by § 2K2.1(b)(5) of the Sentencing Guidelines. The district court, over the objections of Mr. Fennell, agreed that the evidence supported the enhancement and sentenced Mr. Fennell accordingly. Mr. Fennell appeals this ruling.

■ The district court found by a preponderance of the evidence that Mr. Fennell had fired his machine gun at his former girlfriend—an act which admittedly would constitute a felony within the meaning of § 2K2.1(b)(5). The district court based its finding upon the presentence report and upon the testimony of the probation officer who prepared that report. The report and the accompanying testimony, in turn, simply recounted statements made by the girlfriend to the preparing officer during a telephone interview. In essence, then, the district court's finding was based upon hearsay evidence.

Mr. Fennell acknowledges that reliable hearsay may be used in the determination of a sentence. See U.S.S.G. § 6A1.3 & comment (1993); United States v. Beaulieu, 893 F.2d 1177, 1179–81 (10th Cir.), cert. denied, 497 U.S. 1038, 110 S.Ct. 3302, 111 L.Ed.2d 811 (1990); see also United States v. Ortiz,

993 F.2d 204, 207–08 (10th Cir.1993); United States v. Reid, 911 F.2d 1456, 1464 (10th Cir.1990), cert. denied, 498 U.S. 1097, 111 S.Ct. 990, 112 L.Ed.2d 1074 (1991). He contends, however, that the evidence relied upon by the district court lacks the minimal indicia of reliability required by the Sentencing Guidelines. See Beaulieu, 893 F.2d at 1181.[1] We agree.

During the sentencing hearing, the preparing officer admitted that the § 2K2.1(b)(5) enhancement was based solely upon unsworn allegations made by the girlfriend during the telephone interview. Tr., Vol. II, at 10–11. These statements might well be credible; potential truth, however, does not mitigate the almost total absence of indicia of reliability. The girlfriend did not prepare a sworn affidavit in support of her allegations. The preparing officer did not have an opportunity to observe her demeanor during the interview and therefore could not form any opinion as to her veracity. The Record, moreover, contains no other evidence that corroborates the account given the preparing officer. The facts surrounding Mr. Fennell's arrest, while suggesting that the machine gun was fired during an altercation between Mr. Fennell and his girlfriend, do not answer the question of whether Mr. Fennell's actions constituted a felony or a misdemeanor. It is significant, in this context, that state authorities originally charged Mr. Fennell with misdemeanor assault. Under Oklahoma law, an assault "with any kind of firearm" is a felony if it is accompanied by "the intent to do bodily harm" or the "intent to injure" someone. Okla.Stat.Ann. tit. 21, § 645. The decision to charge Mr. Fennell with misdemeanor assault therefore suggests that evidence of felonious intent was lacking at the time of arrest.[2] The record itself, therefore, tends to undermine, rather than buttress, confidence in the girlfriend's hearsay statements.

■ The girlfriend's unsworn allegations, therefore, stand as the only evidence of a felonious assault upon which the enhancement could be based. The Sentencing Guide-

1. In United States v. Shepherd, 739 F.2d 510 (10th Cir.1984), we indicated in dicta that at sentencing a district court could consider uncorroborated hearsay evidence which the defendant has had an opportunity to explain or rebut. See id. at 515. We note that Shepherd preceded the adoption of the Sentencing Guidelines.

2. The government did not bother to file the arrest report or even to summarize its contents with any particularity. We are thus unable to deter-

lines do not set a high threshold of reliability, but more is required than was presented here. Unsworn out-of-court statements made by an unobserved witness and unsupported by other evidence form an insufficient predicate for a sentence enhancement under § 2K2.1(b)(5). As these statements were the only evidence indicative of a felony, the enhancement itself was improper. We therefore reverse and remand this case to the district court with instructions to vacate Mr. Fennell's sentence and resentence him in accordance with this opinion.

REVERSED and REMANDED.

mine if the girlfriend's contemporaneous statements to the state police support the story given the preparing officer.