UNITED STATES COURT OF APPEALS

**Filed 5/29/96**

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,    )
    )
    Plaintiff-Appellee,    )
    )
    v.    )    No. 95-7066
    )    (D.C. No. CR-94-46)
JIMMY CAVES,    )    (E.D. Oklahoma)
    )
    Defendant-Appellant.    )

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, BARRETT and LOGAN, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Jimmy Calvin Caves appeals from the sentence imposed after he pleaded guilty to one count of distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) and 18 U.S.C. § 2.[1] Defendant was sentenced to one hundred eight months imprisonment, and five years of supervised release. On appeal defendant asserts that the district court's drug quantity determination for the base offense level calculation was clearly erroneous. United States v. Clark, 57 F.3d 973, 977 (10th Cir. 1995) (clearly erroneous standard applies to factual findings concerning the quantity of drugs for sentencing purposes).

In assessing defendant's overall offense conduct, the presentence report took into account defendant's related possession and distribution of methamphetamine. It stated that he should be responsible for 627.7 grams of methamphetamine--which included 60.7 grams seized at his residence, one-half pound (approximately 227 grams) he was negotiating to sell to an undercover drug agent, and 340.2 grams as a conservative estimate of the amount sold to a named confidential informant, Jan Cagle. Only the quantity sold to Cagle is at issue in this appeal. Defendant objected to the drug quantity calculation, specifically challenging the reliability of the information provided by Cagle. Although defendant admitted at the change of plea hearing that he sold methamphetamine to Cagle

---

[1] Defendant was indicted on five counts which included charges of participation in a drug conspiracy, distribution of marijuana, possession with intent to distribute methamphetamine, and illegal possession and use of firearms. The government agreed that after defendant's sentencing, it would dismiss all charges except the count for distribution of marijuana.

on several occasions, he was not asked at that time, and did not specify, the quantity involved. The district court conducted an evidentiary hearing to resolve this factual dispute.

At the hearing DEA Agent Robert Shannon testified that Cagle contacted law enforcement officers because she wanted to gain a reduction in sentence for her incarcerated husband in exchange for assisting in an investigation; she told Shannon she had purchased two to six ounces of methamphetamine from defendant on approximately six different occasions. Shannon acknowledged that he knew Cagle had several previous arrests for drug trafficking and he believed she had one prior conviction for fraud, but he considered her information reliable because she had provided other accurate information about defendant and codefendant Lloyd Caves and their possession and distribution of methamphetamine. In accepting the presentence report's calculation, the court found that "there is sufficient evidence in the record of this hearing with emphasis on [defendant's] testimony from the change of plea hearing to preponderate a finding that the information furnished authorities by the cooperating informant [Cagle] had a sufficient reliability to support [] its probable accuracy." III R. 28.

The government has the burden of proving the quantity of drugs for sentencing purposes by a preponderance of the evidence. Clark, 57 F.3d at 977. Hearsay evidence is permitted, but information the district court uses to establish the drug quantities involved

3

in relevant conduct must have "sufficient indicia of reliability." United States v. Richards, 27 F.3d 465, 468 (10th Cir. 1994); see also USSG § 6A1.3(a), p.s.

Defendant asserts that because the government did not provide any corroboration of Cagle's out-of-court statement concerning the quantity of methamphetamine defendant sold to her, the record does not support the district court's findings on drug quantity. Defendant relies principally upon United States v. Fennell, 65 F.3d 812 (10th Cir. 1995), and United States v. Ortiz, 993 F.2d 204 (10th Cir. 1993).

In Fennell we rejected the district court's use for a sentencing enhancement of an unsworn, unobserved statement by a witness as to whether defendant had fired a gun at her. We determined that the witness' statement lacked sufficient indicia of reliability. We noted that the officer who took her statement on the telephone and testified about it "could not form any opinion as to her veracity," id. at 813, and further that the record undermined "confidence in the [witness'] hearsay statements." Id. In Fennell, we emphasized that the unsworn out-of-court statements were "made by an unobserved witness." Id. By contrast, in the instant case Agent Shannon observed Cagle making the statement, and the record contains no contradictory evidence.

Ortiz is also distinguishable from the instant case. There the district court denied the defendant's motion to identify the confidential informant; thus the defendant could not call the informant to attack the government's presentation of evidence. See id. at 206-07; cf. USSG § 6A1.3 comment. ("[o]ut-of-court declarations by an unidentified infor-

4

mant may be considered 'where there is good cause for the nondisclosure of his identity and there is sufficient corroboration by other means.'") (quoting <u>United States v. Fatico</u>, 579 F.2d 707, 713 (2d Cir. 1978), <u>cert. denied</u>, 444 U.S. 1073 (1980)).  Further, in <u>Ortiz</u> the defendant admitted only to distributing marijuana to "friends."  By contrast, in the instant case defendant admitted at his plea hearing that he had made several methamphetamine distributions to Cagle.

As we stated in <u>United States v. Ballard</u>, 16 F.3d 1110, 1115 n.5 (10th Cir.), <u>cert. denied</u>, 114 S. Ct. 2762 (1994), "the commentary upon which <u>Ortiz</u> relies refers to out-of-court statements by <u>unidentified</u> informants. . . .  The Guidelines allow the court to consider any information 'so long as it has "sufficient indicia of reliability to support its probable accuracy."'" (emphasis added) (citations omitted).  We believe that the statements of Cagle--recounted by Agent Shannon and supported to some extent by defendant's own admission--had sufficient indicia of reliability that the district court could base its drug quantity determination on that evidence.

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge