F I L E D
United States Court of Appeals
Tenth Circuit

JUL 28 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILLIAM C. ROBEY,

    Defendant - Appellant.

No. 96-3183
(D.C. No. 95-CR-10088-01)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.


    Defendant - Appellant William C. Robey ("Robey") appeals his seventy-

eight month prison sentence, imposed when he was convicted both of possessing

crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and

of possessing a firearm and ammunition after having been previously convicted of

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument is not needed in this case. See Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted on the briefs. This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

a felony in violation of 18 U.S.C. § 922(g). We exercise jurisdiction under 28 U.S.C. § 1291(a)(1) and affirm.

BACKGROUND

In early 1995, The Kansas Bureau of Investigation ("KBI") and the Wichita Police Department began an investigation of Robey after a confidential informant told them about Robey's involvement in a crack cocaine distribution ring. On June 6, 1995, law enforcement used this informant to plan a controlled buy of crack cocaine. Pursuant to this plan, the informant paged Robey, and when he called her back, she arranged to have crack cocaine delivered to her at the corner of 17th Street and Mosley Street in Wichita, Kansas. Robey told the informant that someone else would be delivering the crack.

On the evening of the planned buy, law enforcement officers observed a red Chevy Blazer waiting at the corner of 17th and Mosley Street. The Blazer was driven by Michael Miller ("Miller") and Rosemary Heckters ("Heckters") was in the passenger seat. Sometime later, the informant arrived, and at 8:55 p.m., officers observed Christopher H. Brown ("Brown") arrive at the corner of 17th and Mosley driving a white two-door Chrysler alone. When Brown stopped the car, Heckters went to the passenger side of the Chrylser and made contact with him. After the officers observed Heckters exchange something with Brown, they

arrested Brown, Heckters and Miller. The controlled buy between the informant and Brown was never completed because the officers' observations of the exchange provided enough evidence to complete the sting.

When the officers searched Brown, they found 23.26 grams of crack cocaine, $1,200 in cash, a digital pager and a cellular phone. The officers also found a .25 caliber semi-automatic handgun in the trunk of Brown's vehicle. When the officers searched Heckters and Miller, they found a total of 1.66 grams of crack cocaine. Brown later admitted that the 1.66 grams of crack cocaine had been purchased from him.

During his post-arrest interview, Brown told the police that Robey was his source for crack cocaine. Brown disclosed that earlier in the day he had met with Robey and an individual named "Tony" at a residence located at 3011 E. 16th Street, Wichita, Kansas. Brown also disclosed that "Tony" had fronted the drugs to him at that time in a deal arranged by Robey, and that Robey told Brown about both the informant and the occupants of the red Blazer.

Based on this information, Robey was arrested on September 13, 1995, and a search warrant was executed at one of Robey's residences, 522 S. Edwards, Wichita, Kansas. At the Edwards address, police found a digital scale with cocaine residue, several rounds of ammunition, a plastic baggie containing cocaine residue, 2.11 grams of crack cocaine, two pagers, and a 9mm semi-

automatic weapon. The police also executed a search warrant at 3011 E. 16th Street, where Brown claimed to have received the crack cocaine. In that house, the police found 2.6 grams of marihuana, .68 grams of crack cocaine, several rounds of ammunition, and documents listing drug weights and phone numbers.

In a statement made to a United States Probation officer, Robey admitted to meeting with Brown on June 6, 1995, but maintained that their meeting was brief and casual. Robey claimed that he saw Brown when Brown came to 3011 E. 16th Street for a barbecue. At the barbecue, Brown asked whether anyone had crack cocaine, and then went into the residence. According to Robey, Brown emerged from the residence approximately 20 minutes later and announced that if anyone needed anything to give him a call. Robey claims that Brown then left the barbecue.

Robey also admits that he received several pages on June 6, 1995 from the person he now believes to have been the confidential informant, and that when he returned the page, this person asked to meet with him. Finally, Robey admits to having a key to the residence at 3011 E. 16th street, although he maintains that he was not residing there on June 6, 1995.

On September 20, 1995, Robey was charged in a nine count Indictment along with co-defendant Christopher H. Brown ("Brown") for various drug and firearms violations. Robey entered a plea of guilty pursuant to a plea agreement

to Counts 6 and 7 of the Indictment, which charged him with possessing a firearm and ammunition having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g), and to Count 8 of the Indictment, which charged him with possessing crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The other six charges were dismissed.

The district court held a sentencing hearing on May 13, 1996 and adopted the recommendation of the Presentence Investigation Report ("PSR"). The PSR relied on statements made by Brown and the confidential informant to determine that the 23 grams of crack cocaine which were found in co-defendant Brown's possession on June 6, 1995 were attributable to Robey, and thus should be considered as relevant conduct for purposes of Robey's sentencing. The 23 grams of crack cocaine were added to the marihuana and crack cocaine seized from 3011 E. 16th Street to obtain a base offense level of 28. The total offense level ended up as 27 after the base offense level was enhanced by two because of the possession of a dangerous weapon, and then reduced by three for the acceptance of responsibility.

The total offense level combined with Robey's criminal history resulted in a sentencing range of 78 to 97 months. Robey objected to the inclusion of the additional cocaine and argued that a total offense level of 17 for a sentencing range of 27 to 33 months was appropriate. The district court overruled Robey's

objections and sentenced him to 78 months imprisonment on each count to run concurrently with each other.

Robey appeals his sentence on the grounds that the district court's reliance on hearsay statements described in the PSR violated his constitutional right to confront the witnesses used against him. Robey also argues that the hearsay statements described in the PSR lacked the requisite indicia of reliability to support their use under the United States Sentencing Guidelines. We reject both arguments.

DISCUSSION

A.    Confrontation Clause.

This circuit has rejected the argument that a defendant's inability to confront those who implicate him in a presentence report violates the defendant's Sixth Amendment right to confrontation. In United States v. Beaulieu, 893 F.2d 1177 (10th Cir. 1990), we explained that "[t]he Supreme Court has made clear that the constitutional requirements mandated in a criminal trial as to confrontation and cross-examination do not apply at non-capital sentencing proceedings." Id. at 1180 (citing cases). Accordingly, we reject Robey's constitutional challenge to his sentence.

B.     Requisite Indicia of Reliability.

The Sentencing Guidelines provides that "in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." U.S.S.G. § 1B1.3 (Background).  In resolving disputes concerning whether certain conduct should be considered at sentencing, the district court "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3.  Robey does not challenge this analytical framework, but rather, argues that the statements made by Brown and the confidential informant regarding his connection to the crack cocaine found in Brown's possession lack the requisite indicia of reliability. We disagree.

Robey relies on United States v. Fennell, 65 F.3d 812 (10th Cir. 1995) for the proposition that "[u]nsworn out-of-court statements made by an unobserved witness and unsupported by other evidence form an insufficient predicate for a sentence enhancement . . . ." Id. at 814.  In Fennell, the presentence report relied on a telephone interview with the defendant's ex-girlfriend for the determination that the defendant had once tried to shoot his girlfriend with a machine gun.  Id.

at 813.  The court used this information to impose four level sentence enhancement for "us[ing] [a] machine gun in connection with a felonious assault."  Id. (citing U.S.S.G. § 2K2.1(b)(5)).  We reversed and explained that not only was the hearsay evidence relied upon in the presentence report not corroborated by any other evidence found in the record, but that the police report of the alleged incident "tend[ed] to undermine, rather than buttress, confidence in the girlfriend's hearsay statements."  Id.

Fennell provides little support for Robey's argument in this case, however, because the record here tends to corroborate the hearsay statements used in the PSR.  Robey himself corroborated much of the PSR when he testified that he was paged by someone he now believes to have been the confidential informant on June 6, 1995, and that he had seen Brown at the 16th Street address the same day.  This admission corroborates Brown's testimony that Robey met him at the 16th Street address on June 6, 1995, and told him to deliver some crack cocaine to the person who had paged him.  Robey's testimony also corroborates the confidential informant's testimony that she spoke to Robey after paging him, and that he arranged to send someone to deliver crack cocaine to her at the corners of 17th and Mosley.  These claims were further corroborated by the fact that law enforcement observed Brown arrive at the corner of 17th and Mosley to meet with the confidential informant.  Finally, Robey's admission that he has a key to the

16th Street residence on June 6, 1995, corroborates Brown's testimony that Robey was involved with the crack cocaine trafficking that occurred at that residence.

We have explained that "[h]earsay statements need only contain minimal indicia of reliability to be used at sentencing." United States v. Lopez, 100 F.3d 113, 120 (10th Cir. 1996) (citing United States v. Browning, 61 F.3d 752, 755 (10th Cir. 1995)). In this case, we believe the record sufficiently corroborates the hearsay statements relied upon in the PSR to provide a minimal indicia of reliability.[1]

## CONCLUSION

For the reasons stated above, we AFFIRM the district court. The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[1] It is unclear whether Robey limited his objection below to the consideration of the 23 grams of crack cocaine found in Brown's possession, or whether Robey also objected to the consideration of the crack cocaine and marihuana seized from the residence at 3011 E. 16th Street. Assuming the latter, we note that there was sufficient evidence linking Robey to the 16th Street residence to include the drugs found there as relevant conduct. Moreover, the quantity of the drugs found in Brown's possession is such that even if the sentencing court had not considered the drugs found at the 16th Street residence, Robey's base offense level would have remained at 28. See U.S.S.G. § 2D1.1(a)(3)(c)(6).