**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 4 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HENRY HENDERSON,

Defendant-Appellant.

No. 02-3073
(D.C. No. 00-CR-40109-01-DES)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO, ANDERSON,** and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The defendant challenges the sentence imposed following the entry of his guilty plea to one count of conspiracy to possess with intent to distribute in

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

excess of 50 grams of a mixture or substance containing a detectable amount of cocaine base and one count of possession of a firearm in relation to a drug trafficking crime. He argues that the district court erred in calculating the amount of drugs and by enhancing his sentence for his role in the offense. He also argues that his conviction should be vacated because he was denied effective assistance of counsel. We affirm.

The defendant contends that only the amount actually found in his trailer and on his person should have been included in calculating his sentence. The district court, however, included as relevant conduct additional amounts which the probation officer included in the presentence report. These additional amounts were based on statements made by the defendant's wife and co-defendant to police officers during the execution of a search warrant of their home. At this time, the defendant's wife stated that in the last five years she bought, delivered and sold crack cocaine, all at the defendant's directions. The only evidence introduced by the government at the sentencing hearing regarding the specific amount of drugs was the report of one of the officers who executed the warrant which summarized these statements. No other evidence as to amount was introduced.

The defendant contends that the inclusion of these additional amounts was not based on reliable evidence. He contends that his wife's statements were

uncorroborated hearsay of a self-interested co-defendant drug addict who probably benefitted in her own criminal matter by implicating the defendant.

The district court's findings as to the quantity of drugs are factual findings reviewed for clear error. *United States v. Easterling*, 921 F.2d 1073, 1077 (10th Cir. 1990), *cert. denied*, 500 U.S. 937 (1991). The government bears the burden of proving the amount of drugs by a preponderance of the evidence. *Id.* Use of estimates is an acceptable method of calculating drug quantities as long as the information upon which the estimates are based has a "minimum indicia of reliability." *Id.* This court "will not disturb a factual finding of the district court 'unless the court's finding was without factual support in the record, or if after reviewing all the evidence we are left with the definite and firm conviction that a mistake has been made.'" *Id.* (quoting *United States v. Beaulieu*, 893 F.2d 1177, 1182 (10th Cir.), *cert. denied*, 497 U.S. 103 (1990)). A district court, however, may not simply adopt the presentence report as its finding. *United States v. Yarnell*, 129 F.3d 1127, 1137 (10th Cir. 1997).

Here the district court determined that there was no reason to doubt the estimates provided by the defendant's wife. The defendant did not present any evidence to the district court which would support his claim that his wife's statements are unreliable. His assertions made in this court that his wife is a drug

addict are merely accusations not supported by any evidence presented in the district court.

The defendant's reliance on *United States v. Fennell*, 65 F.3d 812 (10th Cir. 1995) (holding that unsworn out-of-court statements made by an unobserved witness and unsupported by other evidence is insufficient to support a sentence enhancement) is misplaced. The statements here were made in person to the officer when the search warrant was executed so that, unlike *Fennell*, the officer was able to observe the wife's demeanor. In addition, the government introduced excerpts from the grand jury testimony of another individual who testified that the defendant was dealing in large amounts of drugs. Moreover, the record contains no contradictory evidence.

Similarly we reject the defendant's contention that the district court erred in enhancing his sentence as an organizer or leader under USSG § 3B1.1(c). This enhancement was based not only on the statements made by the defendant's wife but also on the fact that during the purchase of drugs by a confidential informant the defendant directed his son as to how the purchase was to be effected. We cannot say that these findings are clearly erroneous. *See United States v. Vanmeter*, 278 F.3d 1156, 1166 (10th Cir. 2002) (district court's determination that a defendant was an organizer is reviewed for clear error). Section 3B1.1(c) is satisfied upon a mere showing that the defendant "exercised any degree of

direction or control over someone subordinate to him in the distribution scheme."
*United States v. Baez-Acuna*, 54 F.3d 634, 639 (10th Cir. 1995) (quote omitted).
That showing was made here.

As for the defendant's ineffective assistance of counsel claims, these are more appropriately raised in a 28 U.S.C. § 2255 proceeding, not on direct appeal. *See Massaro v. United States,* 123 S.Ct. 1690 (2003); *United States v. Galloway*, 56 F.3d 1239 (10th Cir. 1995). We therefore decline to review the ineffective claims here.

**AFFIRMED**. The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge