**UNITED STATES of America,**
**Appellee,**

v.

**Melvin LYNCH, Also Known as Miguel Lynch, Also Known as Mivin Lynch, Defendant–Appellant.**

No. 08–1085–cr.

United States Court of Appeals, Second Circuit.

Dec. 4, 2008.

Edward S. Zas, Federal Defenders of New York, New York, NY, fOr Appellant.

Christian R. Everdell, Assistant United States Attorney, (Jonathan S. Kolodner, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: JOSÉ A. CABRANES, ROBERT A. KATZMANN, and RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the United States District Court for the Southern District of New York be **AFFIRMED.**

Melvin Lynch pleaded guilty to one count of Possession of a Firearm as a Convicted Felon, 18 U.S.C. § 922(g)(1) before the United States District Court for the Southern District of New York (Kaplan, *J.*). The district court sentenced Lynch to 110 months in prison, within a permissible range under the U.S. Sentencing Guidelines ("Guidelines") and the statutory maximum sentence for the offense. The Guidelines range was based on a total offense level of 25 and a Criminal History Category of VI. The offense level was determined using a base offense level of 24, increased by four levels because the district court determined that Lynch used and possessed a firearm in connection with another felony offense and reduced by three levels because of Lynch's acceptance of responsibility. Lynch appeals the sentence arguing that: (1) his Criminal History category, while accurate, did not reflect the true nature of his previous convictions; (2) Lynch's offense level was unreasonably increased because the determination that

he had used and possessed a firearm in connection with another felony was based on hearsay evidence; and (3) the sentence was greater than necessary in violation of 18 U.S.C. § 3553(a). We believe the district court did not abuse its discretion in sentencing Lynch and accordingly affirm.

We assume the parties' familiarity as to the facts, the procedural context, and the specification of appellate issues.

We review the district court's sentencing for abuse of discretion, *see Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007), ferreting out procedural and substantive unreasonableness, *United States v. Yannotti,* 541 F.3d 112, 121 (2d Cir.2008). A district court commits procedural error where it fails "to calculate (or improperly calculat[es] ) the Guidelines range, treat[s] the Guidelines as mandatory, fail[s] to consider the § 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Gall,* 128 S.Ct. at 597; *see also United States v. Williams,* 524 F.3d 209, 214 (2d Cir.2008).

When determining the offense level used to calculate the sentence a district court may consider evidence that would otherwise be inadmissible at trial so long as "the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3; *see also* 18 U.S.C. § 3661. The district court must find facts supporting its sentence based on a preponderance of the evidence. *See United States v. Juwa,* 508 F.3d 694, 701 (2d Cir.2007).

The district court did not abuse its discretion in sentencing Lynch to 110 months in prison. First, we disagree with Lynch that his offense level was improperly increased. Lynch argues the district court used hearsay evidence to determine Lynch had previously possessed and used a firearm and thereby increase his sentence. The district court's fact finding is not constrained by the inadmissibility of hearsay evidence at trial. Also, the district court noted that other evidence, such as Lynch's arrest with a gun three days after the felony in question and shots heard at the same time and in the same place as the felony in question, proved by a preponderance of the evidence that Lynch had a firearm at the time of the felony. *Cf. United States v. Fennell,* 65 F.3d 812, 813 (10th Cir.1995) (holding improper the finding of use and possession of firearm in prior felony based solely on hearsay statements). Second, Lynch concedes that his Criminal History calculation was proper and we find no evidence to the contrary.[1] Finally, there is no evidence that this sentence was greater than necessary to meet the requirements of § 3553(a).

Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.

---

1. Lynch relines on *United States v. Mishoe,* 241 F.3d 214, 220 (2d Cir.2001) for the proposition that a district court may reduce a sentence where the Criminal History category over-represents the seriousness of a defendant's prior criminal conduct. *Mishoe* is a pre-*Booker* case and therefore now only serves to re-enforce the principle of *Booker* that the Guidelines are advisory.