FILED
United States Court of Appeals
Tenth Circuit

December 17, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD WAYNE PHILLEY,

Defendant - Appellant.

No. 09-8006
(D. Ct. No. 1:08-CR-00155-CAB-1)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **SEYMOUR**, and **LUCERO**, Circuit Judges.

---

Defendant-appellant Richard Wayne Philley pleaded guilty to possession of a

firearm not registered in the National Firearms Registration and Transfer Record, in

violation of 26 U.S.C. §§ 5841, 5845(a) and (d), 5861(d), and 5871. The district court

sentenced Mr. Philley to sixty-four months' imprisonment and a three-year term of

supervised release based in part on its application of a four-level sentencing enhancement

under § 2K2.1(b)(6) of the United States Sentencing Guidelines Manual ("U.S.S.G." or

"Guidelines").  On appeal, Mr. Philley challenges the application of this sentencing

enhancement.  We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

On January 27, 2008, Mr. Philley and his neighbor, James Carter, met with a third man at Mr. Carter's apartment to eat pizza and drink beer. This friendly gathering rapidly transformed into a violent altercation that Mr. Philley claims culminated in Mr. Carter holding a knife to his throat. Mr. Carter did not admit assaulting Mr. Philley with a knife; rather, he claimed that after he and Mr. Philley became upset with each other, Mr. Philley threatened to kill him and angrily left his apartment. It is undisputed that after Mr. Philley left Mr. Carter's apartment he retrieved a single-shot shotgun from his own apartment next door, returned to Mr. Carter's apartment, and fired two shots into Mr. Carter's front apartment door.

Mr. Carter reported the shooting to the Evanston, Wyoming police. When officers arrived at Mr. Philley's apartment they conducted a protective sweep of the premises, discovered a New England Firearms twenty-gauge single-shot shotgun, and arrested Mr. Philley. Mr. Philley admitted firing the two shots into Mr. Carter's door but claimed he only intended to shoot the locks so he could enter and confront Mr. Carter. Mr. Carter, however, stated that he believed Mr. Philley had been trying to kill him and that the shotgun blasts almost hit him inside his apartment. During a subsequent search of Mr. Philley's apartment officers discovered spent and unspent twenty-gauge ammunition, an unregistered sawed-off Winchester twelve-gauge shotgun, and other gun parts.

Mr. Philley was charged in Wyoming state court with misdemeanor reckless endangerment and felony possession of a firearm. He pleaded guilty to both state charges

and served a six-month prison sentence. Upon completion of his state prison sentence, the federal government charged Mr. Philley with possession of the unregistered sawed-off Winchester twelve-gauge shotgun. Mr. Philley also pleaded guilty to this federal charge and the probation office prepared a pre-sentence investigation report ("PSR"). The PSR calculated Mr. Philley's offense level at 25, based in part on a four-level enhancement under § 2K2.1(b)(6) for possession of a firearm in connection with another felony. The district court reached the same total offense level calculation as the PSR by applying the same enhancement, over Mr. Philley's objection. The district court, however, based its application of the enhancement on different grounds than those contained in the PSR. Specifically, the district court found that Mr. Philley's firing two shots into Mr. Carter's door satisfied the elements of aggravated assault or attempted murder under Wyoming law, and that Mr. Philley had used the twenty-gauge shotgun in connection with these felony offenses. Ultimately, the district court sentenced Mr. Philley to sixty-four months' imprisonment and a three-year term of supervised release.

## II. DISCUSSION

On appeal, Mr. Philley argues that his sentence is procedurally unreasonable for two reasons. First, he claims the district court erred by applying the four-level enhancement under § 2K2.1(b)(6). Second, he claims that because the district court erroneously applied the four-level enhancement, its alternative justification for Mr. Philley's ultimate sentence, based on the § 3553(a) factors, lacked the specificity required for an open court explanation of a sentence that deviates from the applicable Guidelines

- 3 -

range. *See* 18 U.S.C. § 3553(c)(2) (requiring a district court to state in open court its reasons for imposing a sentence outside the applicable Guidelines range).[1]

When reviewing a district court's decision to apply a sentence enhancement we view the evidence in the light most favorable to the district court's decision, review factual findings for clear error, and review questions of law de novo. *United States v. Mozee*, 405 F.3d 1082, 1088 (10th Cir. 2005).

Section 2K2.1(b)(6) provides a four-level sentence enhancement when "the defendant used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). For the purposes of that section, "another felony offense" is defined as "any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether the criminal charge was brought, or a conviction obtained." *Id*. § 2K2.1(b)(6) cmt. n.14(C).

Primarily, Mr. Philley argues that when a defendant is charged and convicted of a misdemeanor in state court, a federal district court cannot base a subsequent § 2K2.1(b)(6) enhancement on the underlying conduct of the state misdemeanor conviction.[2] Although we have not previously decided this precise question, we have

[1]Because we conclude that the district court properly applied the four-level enhancement and imposed a sentence within the applicable Guidelines range, Mr. Philley's second claim is necessarily without merit and we will not address it.

[2]Mr. Philley also argues that an enhancement under § 2K2.1(b)(6) is improper when it is based on the use of a firearm in connection with another firearms possession felony. The district court, however, clearly based the enhancement on Mr. Philley's use of a firearm to shoot Mr. Carter's front door, not on his use of a firearm in connection with his state conviction for felony firearms possession. Accordingly, we do not address

- 4 -

never limited the application of § 2K2.1(b)(6) to conduct that a state prosecutor chose to charge as felonious or that ultimately resulted in a state felony conviction. Indeed, we have upheld application of the enhancement in a variety of situations, including: when the state never charged the defendant for his conduct, *Mozee*, 405 F.3d 1082; when the state charged the defendant with a felony but ultimately dismissed the charges, *United States v. Farnsworth*, 92 F.3d 1001 (10th Cir. 1996); and even when the defendant was acquitted of felony charges in state court. *United States v. Edge*, 238 Fed. Appx. 366 (10th Cir. 2007) (unpublished decision). These cases demonstrate that whether a state felony charge is pursued or a state felony conviction is obtained does not necessarily affect a federal district court's authority to apply an enhancement under § 2K2.1(b)(6).

That is not to say that the type of charge pursued or the type of conviction ultimately obtained in a prior state court proceeding never has a bearing on a federal district court's authority to apply a subsequent enhancement based on the underlying conduct of the state charges. Certainly, we have determined that, under the proper circumstances, a state prosecutor's decision to charge a misdemeanor rather than a felony is significant and may suggest that the defendant's conduct was not felonious. *United States v. Fennell*, 65 F.3d 812, 813 (10th Cir. 1995). The significance that we attach to the type of charge brought in state court, however, depends on the amount and the reliability of the evidence presented to the district court from which it could conclude that

the propriety of applying § 2K2.1(b)(6) when a firearm is used in connection with another firearms possession felony.

the underlying conduct was felonious. *See id.* (finding that because the facts surrounding the defendant's prior arrest did not conclusively demonstrate that the defendant's conduct amounted to a felony or misdemeanor, "[i]t [was] significant, in this context, that state authorities originally charged [the defendant] with [a] misdemeanor").

Furthermore, we have never held that a state prosecutor's decision to charge a misdemeanor or a state prosecutor's ability to obtain a misdemeanor rather than a felony conviction necessarily precludes a federal district court from finding, at sentencing, that the underlying conduct for the state misdemeanor charge was felonious. Rather, a § 2K2.1(b)(6) enhancement is appropriate if the district court determines that the defendant used a firearm in connection with conduct that could form the basis of a local, state, or federal felony, regardless of what type of charge has been previously brought or what type of conviction has been previously obtained in state court based on that conduct.

The primary limitation, aside from the language of the Guidelines, on a district court's authority to apply a particular enhancement is the sufficiency of the evidence supporting that enhancement. *See, e.g.*, *United States v. Magallanez*, 408 F.3d 672, 684 (10th Cir. 2005) (stating that because different standards of proof govern at trial and sentencing, "[a] jury verdict of acquittal on related conduct . . . does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence") (internal quotation omitted); *Fennell*, 65 F.3d 812, 814 (reversing the district court's application of a § 2K2.1(b)(6) enhancement because the factual evidence supporting its application was

insufficient, not because of the type of charge pursued in a prior state court proceeding).

At sentencing, the government bears the burden of proving any facts necessary to support a sentence enhancement by a preponderance of the evidence. *United States v. Tindall*, 519 F.3d 1057, 1063 (10th Cir. 2008).

In this case, the district court determined that by firing two shotgun blasts into Mr. Carter's door, Mr. Philley had used a firearm in connection with an aggravated assault and battery or an attempted murder. Under Wyoming law, a person is guilty of felony aggravated assault and battery if he or she:

> (i)      Causes or attempts to cause serious bodily injury to another intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;
> (ii)     Attempts to cause, or intentionally or knowingly causes bodily injury to another with a deadly weapon;
> (iii)    Threatens to use a drawn deadly weapon on another unless reasonably necessary in defense of his person, property or abode or to prevent serious bodily injury to another; or
> (iv)    Intentionally, knowingly or recklessly causes bodily injury to a woman whom he knows is pregnant.

Wyo. Stat. Ann. § 6-2-502(a). "As a general intent crime, aggravated assault requires only that intent which may be inferred from doing the act which constitutes the offense charged." *Cox v. State*, 829 P.2d 1183, 1186 (Wyo. 1992).

Mr. Philley emphasizes his contention that he only intended to fire at the locks on Mr. Carter's door and never intended to fire through the door at Mr. Carter. This statement, however, was not the only evidence from which the district court could infer Mr. Philley's intent. Indeed, the record contains the following evidence: Mr. Philley and

Mr. Carter got into an altercation at Mr. Carter's apartment; in response to this altercation Mr. Philley angrily left Mr. Carter's apartment; Mr. Carter claimed that Mr. Philley threatened to kill him before leaving his apartment; Mr. Philley retrieved a shotgun from his own neighboring apartment and returned to Mr. Carter's apartment; Mr. Philley fired two shotgun blasts into Mr. Carter's door; and Mr. Carter claimed the shotgun blasts nearly hit him inside his apartment.

The district court could reasonably infer from this evidence that Mr. Carter intended to inflict bodily injury on Mr. Carter when he twice fired a shotgun at his front apartment door. Furthermore, these facts are sufficient to establish by a preponderance of the evidence that Mr. Philley attempted to cause serious bodily injury, recklessly under circumstances manifesting an extreme indifference to the value of human life, or that he intentionally attempted to cause bodily injury with a deadly weapon.[3] Accordingly, the district court properly determined that Mr. Philley used a firearm in connection with a felony aggravated assault under Wyoming law, properly applied the four-level enhancement under § 2K2.1(b)(6), and properly calculated Mr. Philley's sentence under the Guidelines.

---

[3]Additionally, at sentencing, Mr. Philley's attorney, on two separate occasions, seems to have conceded that Wyoming could have charged Mr. Philley with a felony for shooting Mr. Carter's door. First, after the district court stated that Mr. Philley was lucky not to be facing an attempted murder charge, his attorney stated, "Well, I know that Mr. Philley understands that and wouldn't disagree with you, Judge." Second, after the district court stated that the state charge against Mr. Philley was not what it could have been, his attorney responded, "[It] [c]ertainly wasn't."

### III. CONCLUSION

The sentencing enhancement under § 2K2.1(b)(6) broadly applies to a defendant's possession of a firearm in connection with "any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether the criminal charge was brought, or a conviction obtained."  U.S.S.G. § 2K2.1(b)(6) cmt. n.14(C).  Therefore, a district court is not necessarily precluded from applying an enhancement under § 2K2.1(b)(6) because the state sought and obtained a misdemeanor rather than a felony conviction for the conduct on which the enhancement is based. Indeed, a district court's authority to apply a sentencing enhancement is not necessarily limited by what is charged and proved at a prior state court proceeding.  In this case, the record contains sufficient facts to demonstrate by a preponderance of the evidence that Mr. Philley used a firearm in connection with an aggravated assault, a felony under Wyoming law.  Therefore, the district court properly applied the four-level enhancement under § 2K2.1(b)(6) and properly calculated Mr. Philley's sentence.  Accordingly, we AFFIRM.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge