**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 20, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

　　　Plaintiff - Appellee,

v.

JEMERIO JACOBY YOUNG,

　　　Defendant - Appellant.

No. 23-6094
(D.C. No. 5:22-CR-00492-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MORITZ**, and **FEDERICO**, Circuit Judges.
_____

Mr. Jemerio Young was convicted of possessing fentanyl with the intent to distribute. 21 U.S.C. § 841(a)(1). For this conviction, the district court imposed a sentence of 140 months.

Mr. Young appeals the sentence, challenging the district court's calculation of the guideline range. That calculation depended in part on the quantity and type of drugs attributable to him. U.S.S.G. § 1B1.3(a).

---

[*]　　This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

In the presentence report, the probation officer addressed drugs found in Mr. Young's house. The district court attributed these drugs to Mr. Young and said that they had contained fentanyl. Challenging this statement, Mr. Young argues that the evidence didn't show the presence of fentanyl.

**Preservation**

In district court, Mr. Young denied possession of the drugs but not the presence of fentanyl. In fact, Mr. Young appeared to acknowledge that the drugs had contained fentanyl:

> Mr. Young disputes possessing the fentanyl pills described in these paragraphs. He did not commit this act of possession, nor was the possession by other parties done in a jointly undertaken criminal activity.

R. vol. 2, at 29. The district court ultimately rejected Mr. Young's argument that he hadn't possessed the drugs. But the court had no reason to decide whether the drugs contained fentanyl.

Mr. Young argues that the district court nonetheless characterized the drugs as fentanyl. Based on this purported characterization, Mr. Young insists that he can challenge the court's statement that the drugs contained fentanyl.

We disagree. An argument is preserved when a district court "'explicitly' address[es] the merits of an issue." *See United States v. Guinn*, 89 F.4th 838, 847 (10th Cir. 2023) (quoting *United States v.*

2

*Johnson*, 43 F.4th 1100, 1115 (10th Cir. 2022)). But the district court didn't explicitly address whether the evidence would permit characterization of the drugs as fentanyl.

Granted, the court did refer to the drugs as fentanyl. But this reference appeared only to acknowledge the parties' mutual assumption about the presence of fentanyl, and there's nothing to suggest that the district court was intending to make a separate finding of drug type based on the evidence. *See United States v. Gunn*, 89 F.4th 838, 847 (10th Cir. 2023) (concluding that the district court hadn't "explicitly addressed" the appellate issue by referring to the merits without mention of the specifics of the contention later raised in the appeal). We thus conclude that Mr. Young failed to preserve his appellate argument involving the presence of fentanyl in the drugs. *See United States v. Deninno*, 29 F.3d 572, 579–80 (10th Cir. 1994) (finding a forfeiture when the defendant objected to the quantity of the drug but not its type).

The government characterizes that lapse as a *waiver*; Mr. Young characterizes the lapse as a *forfeiture*. If Mr. Young is right, he could seek reversal under the plain-error standard; if the government is right, Mr. Young would have given up his right to seek reversal under any standard. *See United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 1919) (forfeiture); *United States v. Egli*, 13 F.4th 1139, 1144 (10th Cir. 2021) (waiver).

For the sake of argument, we can assume that Mr. Young is right in characterizing the lapse as a *forfeiture*. Based on that assumption, we apply the plain-error standard. *See Davis v. United States*, 589 U.S. 345, 140 S. Ct. 1060–62 (2020) (per curiam). Under that standard, Mr. Young must show that the district court committed an error that was obvious. *United States v. Wells*, 38 F.4th 1246, 1256 (10th Cir. 2022). An error would have been *obvious* only if the district court's findings had been

- "internally contradictory,"

- "wildly implausible," or

- "in direct conflict with the evidence" presented to the sentencing court.

*United States v. Cristerna-Gonzalez*, 962 F.3d 1253, 1262–63 (10th Cir. 2020) (quoting *United States v. Saro*, 24 F.3d 283, 291 (D.C. Cir. 1994)). In our view, Mr. Young hasn't made that showing.

**Absence of an Obvious Error**

Mr. Young acknowledges that his attorney and the prosecutor assumed that the drugs had contained fentanyl. *See* Appellant's Opening Br. at 28 ("[E]veryone present at sentencing appears to have taken for granted that the pills were fentanyl (except perhaps Mr. Young who denied knowledge of the pills and therefore could not state whether the pills were fentanyl or not)."). The probation officer apparently shared that assumption, referring in the presentence report to Mr. Young's

4

"'[p]ossession of [f]entanyl." R. vol. 2, at 7. Mr. Young objected, but not because he questioned the presence of fentanyl. To the contrary, Mr. Young denied possessing "the fentanyl as described in" the presentence report. R. vol. 2, at 29; *see* p. 2, above.

On appeal, Mr. Young insists that by denying possession of the drugs, he couldn't have known what the drugs were. But Mr. Young never denied knowledge of the drugs.[1]

Granted, Mr. Young denied possessing those drugs. Possession required not only knowledge, but also an intent to exercise control over the drugs. *United States v. Little*, 829 F.3d 1177, 1182–83 (10th Cir. 2016). So when Mr. Young denied possession, he wasn't necessarily denying knowledge of the drugs. After all, the drugs sat on a shelf in his house.

The presence of fentanyl was not just assumed, but also supported by the evidence. For example, the district court had an affidavit stating that the drugs were in bags labeled *M-30* and *FTP-Fentanyl*. Mr. Young insists that the affidavit was ambiguous and unsworn.

The affidavit was arguably ambiguous. It said that the bags had two labels: *M-30* and *FTP-Fentanyl*. But were both markings on each bag, or were some bags marked *M-30* and others marked *FTP-Fentanyl*? Because we don't know which set of markings existed, Mr. Young argues that the

---

[1]    Mr. Young insists that he disavowed knowledge of the pills. But he doesn't provide support for this purported disavowal of knowledge.

district court would obviously have erred by inferring that all of the bags had been marked *FTP-Fentanyl*. But if that inference had been unwarranted, the mistake would have been understandable. After all, the conviction itself was for possessing drugs that had tested positive for fentanyl. Given the nature of the conviction, the court could reasonably assume that the drugs in the house had contained fentanyl.

Mr. Young argues, however, that the affidavit wasn't reliable. But Mr. Young hadn't said anything in district court to question the reliability of the affidavit. And even now, Mr. Young doesn't point to any inconsistencies between the affidavit and other evidence.

Though Mr. Young doesn't point to any such inconsistencies, he argues that *United States v. Fennell*, 65 F.3d 812 (10th Cir. 1995), disallows reliance on statements

- made outside of court

- by an unobserved witness

- that are neither sworn nor corroborated.

In *Fennell*, we concluded that the district court shouldn't have enhanced a sentence based on an unsworn, unobserved statement unsupported by other evidence. *Fennell*, 65 F.3d at 813. "But we have explained in many later cases how limited *Fennell* is." *United States v. Alqahtani*, 73 F.4th 835, 851 (10th Cir. 2023).

6

Here, for example, the affiant relied on physical evidence rather than an out-of-court statement. That physical evidence included bags of blue pills with markings for *M-30* and *FTP-Fentanyl*. The court could assess that physical evidence through photos of the bags. And the court could easily see that the bags contained markings.

Granted, the placement of the bags obscures the lettering in the photos. So the district court presumably couldn't tell from the photos themselves what the markings say. But the court could tell that the bags contained blue pills and labeling, just as the affidavit had said. In cases involving similar corroboration, we have distinguished *Fennell* and upheld the reliability of unsworn evidence. *E.g., United States v. Martinez*, 824 F.3d 1256, 1262 (10th Cir. 2016); *United States v. Farnsworth*, 92 F.3d 1001, 1010 (10th Cir. 1996). For example, we distinguished *Fennell*, treating a statement as sufficiently reliable when it relied on a presentence report that summarized police reports and lacked any apparent inconsistencies with other evidence. *United States v. Dickerson*, 678 F. App'x 706, 714 (10th Cir. 2017) (unpublished).[2] So if the district court had

---

[2]    Though *Dickerson* isn't precedential, it bears on the obviousness of the alleged error. *See United States v. Buendia*, 73 F.4th 336, 341 (5th Cir. 2023) (concluding that the need to distinguish a nonprecedential opinion shows that the error wouldn't have been considered *plain*); *see also United States v. Garcia-Lagunas*, 835 F.3d 479, 496 (4th Cir. 2016) (concluding that the district court's reliance on a nonprecedential opinion suggests that any error wouldn't have been considered *plain*). After all, if a Tenth Circuit panel regarded unsworn evidence as sufficiently reliable based on

erred in viewing the affidavit as reliable, the error wouldn't have been obvious.

## Conclusion

Given the absence of an obvious error, we conclude that the district court didn't commit plain error by sharing the parties' assumption that the drugs contained fentanyl. And in the absence of plain error, we affirm the sentence.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

summaries of police reports, we would be hard-pressed to regard a district court's similar approach as an obvious error.