FILED
United States Court of Appeals
Tenth Circuit

**January 10, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.                                 No. 21-2010

VICTOR BENJAMIN SANCHEZ,

    Defendant-Appellant.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. 1:19-CR-2612-WJ-1)**

---

Todd B. Hotchkiss, Albuquerque, New Mexico, for Defendant-Appellant.

Emil J. Kiehne, Assistant United States Attorney (Fred J. Federici, Acting United States Attorney, with him on the brief), Albuquerque, New Mexico, for Plaintiff-Appellee.

---

Before **PHILLIPS**, **BALDOCK**, and **BRISCOE**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

---

Defendant Victor Sanchez entered a blind plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court varied downward from Defendant's advisory guideline range of 110 to 120 months and sentenced him to 96 months in prison. *See* 18 U.S.C. § 924(a)(2) (setting a

maximum sentence of ten-years' imprisonment for a § 922(g)(1) violation).  Before the district court, Defendant challenged the district court's calculation of his base offense level for the purpose of determining his advisory guideline range.  In particular, Defendant challenged the court's decision to increase his base offense level by four levels pursuant to U.S.S.G. § 2K2.1(b)(6)(B) (2018).  Subsection (b)(6)(B) provides in relevant part that a district court should increase a defendant's base offense level by four levels if the defendant "[1] possessed any firearm or ammunition [2] in connection with [3] another felony offense."  On appeal, Defendant renews his objection to the district court's four-level increase.[1]  Our jurisdiction arises under 18 U.S.C. § 3742(a)(2).  We affirm.

Defendant posed no objection to the historical facts of this case as stated in the presentence report.  Around 5:00 p.m. on July 16, 2019, New Mexico State Police Officers from the Auto Theft Suppression Unit observed an adult male, later identified as Defendant, driving a stolen Hyundai sedan in Albuquerque.  The officers followed the Hyundai to a Chevron gas station where it stopped.  Defendant got out of the vehicle and went into the station's store.  A passenger, who later claimed he was just hitching a ride, remained in the vehicle.  When Defendant exited the store, officers announced themselves.  As Defendant fled on foot into a

---

[1] Although the district court varied downward from the calculated guideline range, the Government does not argue that any error in the court's calculation of the range was harmless. *See United States v. Joe*, 696 F.3d 1066, 1073 (10th Cir. 2012).

residential area, officers observed him reach into his waistband while ignoring their commands to stop and get on the ground. A firearm fell from Defendant's waistband. Officers apprehended Defendant a short distance later. The firearm that fell from Defendant's waist was identified as a .40 caliber pistol with an obliterated serial number. The firearm was loaded with one round in the chamber and a magazine containing 13-rounds of .40 caliber ammunition. Officers subsequently discovered the Hyundai's ignition had been popped out.

Defendant acknowledges he possessed the loaded firearm while driving the stolen Hyundai. Aplt's Op. Br. at 17. This satisfies the first requirement of U.S.S.G. § 2K2.1(b)(6)(B). Defendant further acknowledges his unlawful possession of the stolen vehicle constitutes a felony offense under New Mexico law. N.M. Stat. Ann. § 30-16D-4 (1978); *see State v. Bernard*, 355 P.3d 831, 837 (N.M. Ct. App. 2015) (crime of possessing a stolen vehicle is a "separate and distinct offense" under § 30-16D-4(A)). This satisfies the third requirement of § 2K2.1(b)(6)(B). Defendant's sole claim both here and in the district court pertains to the subsection's second requirement. Defendant says his possession of the firearm was not "in connection with" his possession of the stolen vehicle. The district court said otherwise and found by a preponderance of the evidence that Defendant's possession of the firearm had the potential to facilitate his possession of the stolen vehicle by emboldening him to maintain that possession if confronted by law enforcement or the rightful owner. Our review of this finding is for clear error. *See United States*

3

*v. Walters*, 269 F.3d 1207, 1219 (10th Cir. 2001) (holding "the district court did not clearly err when it concluded that the gun had the potential to facilitate [defendant's] unlawful possession of [the victim's] stolen truck").

In support of his claim, Defendant argues the district court's finding that his "mere possession" of the firearm had the potential to facilitate his possession of the stolen vehicle is insufficient to establish that his possession of the firearm was "in connection with" his possession of the stolen vehicle. Aplt's Op. Br. at 15. According to Defendant, "[t]here was no evidence [he] possessed the firearm to protect his possession of the stolen car and thus there was no evidence of 'in connection with' in this case." *Id.* at 18. In this Circuit, however, we have long interpreted "in connection with" as used in subsection (b)(6)(B) (or its predecessor prior to amendment, subsection (b)(5)), as requiring the Government to show by a preponderance of the evidence that the firearm facilitated or had the *potential* to facilitate, i.e., make easier, another felony offense. *E.g.*, *United States v. Bunner*, 134 F.3d 1000, 1005–06 (10th Cir. 1998); *United States v. Constantine*, 263 F.3d 1122, 1125–26 & n.2 (10th Cir. 2001); *Walters*, 269 F.3d at 1218–19; *United States v. Kitchell*, 653 F.3d 1206, 1226 (10th Cir. 2011). We have viewed our interpretation as consistent with Application Note 14(A) to § 2K2.1(b)(6)(B) which provides that the subsection applies if the firearm "facilitated, or had the potential of facilitating, another felony offense." *E.g.*, *United States v. Justice*, 679 F.3d 1251, 1254–55 (10th Cir. 2012); *United States v. Marrufo*, 661 F.3d 1204, 1206–07

4

(10th Cir. 2011).

Driving a stolen vehicle with a popped out ignition, as Defendant did in this case, could very well have increased his concern that law enforcement, the rightful owner, or another would recognize the vehicle was stolen. The district court could properly infer that the loaded firearm emboldened Defendant to accept this enhanced risk and maintain possession of the vehicle. In other words, based on the undisputed facts, the district court's finding that Defendant could have carried the gun to intimidate anyone who sought to interfere with his possession of the vehicle is not clearly erroneous. All § 2K2.1(b)(6)(B) requires under our precedents is that Defendant's possession of the firearm had the potential to facilitate his possession of the stolen vehicle. The district court was well within its authority to find it did. Accordingly, the judgment of the district court is

AFFIRMED.