**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**November 21, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL CHIPPEWA,

    Defendant - Appellant.

No. 23-8010
(D.C. No. 1:22-CR-00043-ABJ-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BRISCOE**, and **MORITZ**, Circuit Judges.
_____

A jury convicted Michael Chippewa of being a felon in possession of a firearm

and possessing a stolen firearm. He appeals his sentence, arguing that the district

court erred in applying a four-level enhancement under § 2K2.1(b)(6)(B) of the

United States Sentencing Guidelines (U.S.S.G. or the Guidelines) for possessing a

firearm "in connection with another felony offense." According to Chippewa,

§ 2K2.1(b)(6)(B) requires a separation of time and conduct between the offense of

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a);
10th Cir. R. 32.1(A).

conviction and the offense justifying the sentencing enhancement, which he says did not exist here. But Chippewa relies on an interpretation of § 2K2.1(b)(6)(B) that both we and the United States Sentencing Commission have rejected. Because the district court properly applied the enhancement, we affirm.

## Background

One evening in January 2022, Quinlan Hernandez went to Chippewa's residence on the Wind River Indian Reservation in Wyoming to get a tattoo. Chippewa and his brother Danny took turns tattooing Hernandez, who had provided his own tattoo gun. Hernandez paid for the tattoo with $40 and a half gallon of whiskey, which the trio drank while Hernandez was being tattooed. During the tattooing process, Chippewa asked Hernandez questions about a nine-millimeter Springfield pistol that Hernandez was carrying, including if he would sell it.

Following a trip to buy more alcohol, Chippewa rode with Hernandez to his house, where Chippewa again expressed a desire for Hernandez's gun. Eventually, Hernandez suggested that he drive Chippewa home; instead, Chippewa went to Hernandez's bedroom, retrieved the gun, pointed it at Hernandez, and asked him how much he liked his feet.

Hernandez tried to deescalate the situation and asked Chippewa to put the gun back. Chippewa replied that he was going to take the gun. He then pulled the slide back and chambered a round. Fearing for his life, Hernandez told Chippewa he could have the gun. Chippewa then asked Hernandez for a ride, and when Hernandez

refused, Chippewa put the gun to Hernandez's head and forced Hernandez to drive him home. Chippewa kept the gun pointed at Hernandez during the entire drive.

The next day, Chippewa's mother called the Bureau of Indian Affairs police to report that Chippewa had pulled a gun on his other brother, Franklin. When the officers arrived at the Chippewa residence, they found Chippewa in bed. They also found a nine-millimeter ammunition cartridge underneath Chippewa's pillow and Hernandez's gun behind a dresser in the same bedroom. A nine-millimeter bullet was later found in Chippewa's jacket.

Based on these events, the government charged Chippewa with unlawfully possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and possessing a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). At trial, various witnesses testified about the facts detailed above, including Hernandez, Franklin, and the officers who responded to the 911 call. The jury ultimately convicted Chippewa on both counts.

As relevant here, Chippewa's presentence investigation report (PSR) recommended that he receive a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with three other felony offenses—kidnapping, carjacking, and robbery. In support, the PSR stated that the testimony elicited at trial established Chippewa stole Hernandez's gun, threatened him with it, kidnapped him, and carjacked his vehicle. Chippewa objected to the firearm enhancement, arguing among other things that "the jury's verdict did not

require the determination that . . . Chippewa used or possessed a firearm in connection with another felony offense." R. vol. 2, 133.

At the sentencing hearing, the district court began by noting that a circuit split existed on an issue neither party had briefed: whether § 2K2.1(b)(6)(B) requires a separation of time or conduct between the offense of conviction and the other felony offense used as the enhancement predicate. The district court said that it had not found a Tenth Circuit case resolving the issue and invited the parties to weigh in. Neither party, however, was prepared to address the question. Ultimately, the district court overruled Chippewa's objection and applied the enhancement, finding that a preponderance of the evidence showed he possessed the firearm in connection with another felony offense. In so doing, the district court again referenced the circuit split and said it hoped that "on appeal this issue w[ould] be raised and be brought to the attention of the Tenth Circuit." R. vol. 3, 420. The district court then determined that Chippewa's total offense level was 20, which, when combined with a criminal-history category of IV, produced a Guidelines sentencing range of 51 to 63 months. The district court sentenced Chippewa to 57 months in prison and 3 years of supervised release.

Chippewa appeals.

## Analysis

Chippewa argues that the district court erred in applying the four-level enhancement because § 2K2.1(b)(6)(B) requires a separation of time or conduct between the offense of conviction and the other felony offense, which he says did not

4

exist here. We "review de novo the district court's legal conclusions regarding the [G]uidelines and review its factual findings for clear error."[1] *United States v. Sanchez-Leon*, 764 F.3d 1248, 1261 (10th Cir. 2014) (alteration in original) (quoting *United States v. Gantt*, 679 F.3d 1240, 1246 (10th Cir. 2012)).

Section 2K2.1(b)(6)(B) directs district courts to increase a defendant's base offense level by four if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." Before the 2006 amendments to the Guidelines, the circuit courts split over whether this enhancement applied if there was no separation of time or conduct between the offense of conviction and the enhancement predicate. *See United States v. Morris*, 562 F.3d 1131, 1134–35 (10th Cir. 2009) (collecting cases and discussing split).

On appeal, Chippewa invokes this circuit split and urges us to require such a separation of time or conduct. But he overlooks, as did the district court, that the

---

[1] The government argues that Chippewa waived his legal argument because he did not make it below and does not argue that he can satisfy the plain-error standard on appeal. *See United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019) ("When an appellant fails to preserve an issue and also fails to make a plain-error argument on appeal, we ordinarily deem the issue waived (rather than merely forfeited) and decline to review the issue at all . . . ."). In response, Chippewa invokes an exception to the forfeiture rule for "when the district court sua sponte raises and explicitly resolves an issue of law on the merits." *United States v. Hernandez-Rodriguez*, 352 F.3d 1325, 1328 (10th Cir. 2003). But it is unclear whether this forfeiture exception applies here, where the district court "framed the issue" Chippewa now raises on appeal yet did not explicitly rule on it. Aplt. Br. 7; *see also Salcedo-Hart v. Burningham*, 656 F. App'x 888, 894 (10th Cir. 2016) ("Mere musings, hypotheticals, or rhetorical flourishes on the part of the district court, standing alone, are clearly insufficient to preserve an issue for appellate review."). In any event, because Chippewa's argument fails even under de novo review, we need not decide this underlying forfeiture issue.

Sentencing Commission amended the Guidelines in 2006 to resolve this conflict. *See* U.S.S.G. app. C amend. 691. Specifically, it revised the commentary to § 2K2.1 to clarify that the enhancement in subsection (b)(6)(B) applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." § 2K2.1 cmt. n.14(A). It further clarified that the enhancement applies when a defendant acquires a firearm "during the course of a burglary, . . . even if the defendant did not engage in any other conduct with that firearm during the course of the burglary." *Id.* cmt. n.14(B). In this situation, the commentary explains, the enhancement "is warranted because the presence of the firearm has the potential of facilitating another felony offense." *Id.*

The Guidelines' commentary is authoritative unless it "run[s] afoul of the Constitution or a federal statute" or is "plainly erroneous or inconsistent" with the guideline provision it interprets. *Stinson v. United States*, 508 U.S. 36, 47 (1993); *see also United States v. Maloid*, 71 F.4th 795, 805, 813 (10th Cir. 2023) (holding that *Stinson* "has not [been] abrogated" by the Supreme Court and therefore "remains good law"). And here, Chippewa does not argue that § 2K2.1's commentary exceeds its authority under *Stinson*. Nor could he. "[W]e have long interpreted" § 2K2.1(b)(6)(B) as "requiring the [g]overnment to show by a preponderance of the evidence that the firearm facilitated or had the potential to facilitate, i.e., make easier, another felony offense." *United States v. Sanchez*, 22 F.4th 940, 942 (10th Cir. 2022) (emphasis omitted); *see also* § 2K2.1(b)(6)(B) cmt. n.14(A) (same). Moreover, in *Morris*, we specifically held that Application Note 14(B) was entitled to controlling

6

weight under *Stinson*. 562 F.3d at 1136. In so doing, we observed that "[n]othing in [§ 2K2.1(b)(6)(B)] suggests that a contemporaneous crime cannot be considered 'another' offense." *Id.* We therefore reject Chippewa's legal argument that § 2K2.1(b)(6)(B) requires a separation of time or conduct between the offense of conviction and the other felony offense justifying the enhancement.

All § 2K2.1(b)(6)(B) requires, then, is that the government prove the firearm Chippewa stole from Hernandez "facilitated, or had the potential of facilitating, another felony offense." § 2K2.1 cmt. n.14(A); *see also Sanchez*, 22 F.4th at 942. Chippewa suggests in passing that the government did not carry its evidentiary burden because "the jury's verdict did not require" such a determination. Aplt. Br. 11. But the government need only prove to the district court the "facts supporting a sentencing enhancement by a preponderance of the evidence," and Chippewa does not argue that the district court clearly erred in finding that the government did so here. *United States v. Garcia*, 635 F.3d 472, 478 (10th Cir. 2011). For these reasons, the district court did not err in applying the § 2K2.1(b)(6)(B) enhancement.

## Conclusion

We affirm Chippewa's sentence because the district court did not err in applying the four-level enhancement in § 2K2.1(b)(6)(B) for possession of a firearm in connection with another felony offense.

Entered for the Court


Nancy L. Moritz
Circuit Judge
