**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 8, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NICHOLAS A. MAXEY-VELASQUEZ,

    Defendant - Appellant.

No. 22-2138
(D.C. No. 1:21-CR-00750-WJ-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.
_____

Nicholas Maxey-Velasquez pleaded guilty to possessing a firearm and

ammunition as a convicted felon, and aiding and abetting that offense, in violation of

18 U.S.C. §§ 922(g)(1) and 2. He appeals the district court's application of two

sentencing enhancements: (1) U.S.S.G. § 2K2.1(b)(6)(B), which permits a four-level

enhancement for unlawful possession of a firearm when the firearm was used in

connection with another offense, and (2) U.S.S.G. § 3E1.1(b), which permits a two-

level downward departure for acceptance of responsibility. Mr. Maxey-Velasquez

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

argues that the district court erred in applying the enhancement and failing to apply the departure.

We affirm the district court. The district court's conclusion that Mr. Maxey-Velasquez possessed the firearm in connection with another felony was not clearly erroneous, and the district court acted within its discretion in considering post-plea behavior to determine whether Mr. Maxey-Velasquez had accepted responsibility for his offense.

## I. Background

Mr. Maxey-Velasquez came to the New Mexico state police's attention during an investigation into the trafficking of stolen firearms. Police officers pulled him over as he drove off his property. After they pulled him over, Mr. Maxey-Velasquez informed the officers that he had a shotgun and handgun in his vehicle. Since Mr. Maxey-Velasquez had previously pleaded guilty to a felony offense, he was prohibited under 18 U.S.C. § 922(g)(1) from possessing the shotgun and handgun. The officers then searched Mr. Maxey-Velasquez's car and found multiple syringes and bags containing less than a gram of cocaine and less than a gram of methamphetamine. They also identified the trailer hitched to his vehicle as stolen. Mr. Maxey-Velasquez admitted to stealing it and stated that he planned to sell it.

A federal grand jury indicted Mr. Maxey-Velasquez for possession of a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1), and aiding and abetting that offense, in violation of 18 U.S.C. § 2. Mr. Maxey-Velasquez pleaded guilty to these charges. He was not charged in connection with the drugs

2

found in his car.  At the sentencing hearing, the district court reserved judgment on whether U.S.S.G. § 2K2.1(b)(6)(B) applied.  It adjourned without determining a sentence and scheduled a subsequent sentencing hearing.  After considering the matter, the court published an order holding that the U.S.S.G. § 2K2.1(b)(6)(B) enhancement applied, reasoning that Mr. Maxey-Velasquez's illicit firearm possession emboldened him to possess illegal drugs and a stolen trailer.

Between his two sentencing hearings, Mr. Maxey-Velasquez was subject to another traffic stop.  During a search of his car, police officers discovered suboxone strips, hypodermic needles, and allegedly counterfeit United States currency.  At the second sentencing hearing, the district court concluded that while suboxone is a legal substance, "the quantity of Suboxone that was found on the Defendant . . . is just not consistent with legal prescription use."  Tr. at 31.  The district court concluded that possession of suboxone and drug paraphernalia was inconsistent with acceptance of responsibility, and it denied Mr. Maxey-Velasquez's motion for a two-level decrease for acceptance of responsibility under U.S.S.G. § 2K2.1(b)(6)(B).

Mr. Maxey-Velasquez appeals the district court's application of the four-level enhancement for possessing the firearm in connection with another felony and its denial of his motion for a two-level decrease for acceptance of responsibility. Reviewing the former decision for clear error and the latter for abuse of discretion, we affirm the district court.

3

## II.  Analysis

### A.  Possession in Connection with Another Felony

#### 1.  Legal standards

The sentencing guideline for unlawful possession of a firearm enhances a defendant's offense level by four "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. 2K2.1(b)(6)(B).  "The government bears the burden of proving sentencing enhancements by a preponderance of the evidence." *United States v. Orr*, 567 F.3d 610, 614 (10th Cir. 2009).  "[W]e review the application of § 2K2.1(b)(6)(B) in a given case for clear error." *United States v. Anderson*, 62 F.4th 1260, 1265 (10th Cir. 2023).

"[P]ossession of a firearm may facilitate an offense by emboldening the possessor to commit the offense." *United States v. Justice*, 679 F.3d 1251, 1255 (10th Cir. 2012).  And while "[e]mboldenment is not always present when firearms are near drugs," we have held that:

> when the defendant is out and about, with drugs on his person and a loaded firearm within easy reach, one can infer that the proximity of the weapon to the drugs is not coincidental and that the firearm "facilitated, or had the potential of facilitating," the drug offense by emboldening the possessor.

*Id.* at 1256. Possessing drugs does not automatically trigger the § 2K2.1(b)(6)(B) enhancement, but the enhancement may apply as long as the sentencing judge makes a factual finding that the gun possession "facilitated, or had the potential of facilitating" "the drug offense."

Consistent with that understanding, we have affirmed a district court's application of the enhancement to a defendant in possession of a stolen vehicle, reasoning that the defendant "*could have* carried the gun to intimidate anyone who sought to interfere with his possession of [a stolen] vehicle" as not clearly erroneous. *United States v. Sanchez*, 22 F.4th 940, 942 (10th Cir. 2022) (emphasis added). In *United States v. Sanchez*, we recognized that a defendant "[d]riving a stolen vehicle . . . could very well have increased his concern that law enforcement, the rightful owner, or another would recognize the vehicle was stolen." *Id.* Therefore, the district court could "infer that the loaded firearm emboldened Defendant to accept this enhanced risk and maintain possession of the vehicle." *Id.* Again, the § 2K2.1(b)(6)(B) enhancement did not apply merely because the possessor was knowingly driving a stolen vehicle. Rather, the district court's finding that possession of a firearm facilitated possession of the stolen vehicle permitted the application of the enhancement.

### 2. Application

The district court did not commit clear error when it applied the § 2K2.1(b)(6)(B) enhancement to Mr. Maxey-Velasquez's offense. The district court found that Mr. Maxey-Velasquez's possession of a firearm facilitated two felonies:

(1) possession of cocaine and methamphetamine, in violation of N.M. Stat. Ann. 1978 § 30-31-23 (prohibiting possession of any amount of a substance known to be cocaine or methamphetamine); and (2) receipt of a stolen utility trailer in violation of N.M. Stat. Ann. 1978 § 30-16-11 (prohibiting reception of stolen property valued over five hundred dollars). Order at 3. We discuss each in turn.

### a. Narcotics Possession

Here, the district court's finding that possessing a weapon facilitated Mr. Maxey-Velasquez's possession of cocaine and methamphetamine was not clearly erroneous. As a preliminary matter, the court had sufficient evidence to conclude that Mr. Maxey-Velasquez possessed the prohibited substances: (1) testimony by one of the arresting officers that a search of Mr. Maxey-Velasquez's vehicle revealed the forbidden substances and drug paraphernalia, and (2) Mr. Maxey-Velasquez was the sole occupant of the vehicle at the time of the search. Order at 4-5. The district court further relied on testimony by the police officer that, in his experience, "criminal defendants routinely carry firearms to obtain and protect narcotics." Order at 5. We have concluded that district courts can infer from a defendant's possession of drugs and a firearm in easy reach that "the proximity of the weapon to the drugs is not coincidental and that the firearm 'facilitated, or had the potential of facilitating,' the drug offense by emboldening the possessor." *Justice*, 679 at 1256. Under *Justice*, therefore, the district court's inference was reasonable.

Resisting this conclusion, Mr. Maxey-Velasquez offers two arguments for reversing the district court. First, he argues that the government did not meet its

6

burden to prove by a preponderance of the evidence that the allegedly prohibited substances were, in fact, cocaine and methamphetamine. As Mr. Maxey-Velasquez correctly notes, the arresting officer did not perform either a field test nor a laboratory test on the substances found in Mr. Maxey-Velasquez's car. The officer instead relied on his training and experience to identify the substances as cocaine and methamphetamine.

Our precedents do not require field or laboratory identification, and instead permit the district court to rely on an officer's training and experience to identify controlled substances. *See United States v. Sanchez DeFundora*, 893 F.2d 1173, 1175 (10th Cir. 1990) ("The government need not introduce scientific evidence to prove the identity of a substance."). Indeed, lay testimony and circumstantial evidence of "the physical appearance of the substance" is "relevant to determining the identity of a substance." *Id.* Accordingly, the district court's reliance on the arresting officer's training and experience to identify controlled substances as cocaine and methamphetamine was not inconsistent with our precedent, and its finding that Mr. Maxey-Velasquez possessed cocaine and methamphetamine was not clearly erroneous.

Second, Mr. Maxey-Velasquez argues that the district court "failed to articulate specific facts to support that the firearm actually facilitated or had the potential to facilitate narcotics possession." Aplt. Br. at 17. We are unpersuaded for two reasons. First, the district court relied on the New Mexico police officer's testimony that "in his experience, criminal defendants routinely carry firearms to

obtain and protect narcotics." Order at 5. And because the Federal Rules of Evidence do not apply to sentencing hearings, *see* Fed. R. Evid. 1101(d)(3), the district court could permissibly draw a propensity inference based on this evidence. Second, under our precedents, a district court may infer from a defendant's proximity to both illegal narcotics and a firearm that "the proximity of the weapon to the drugs [was] not coincidental and that the firearm 'facilitated, or had the potential of facilitating,' the drug offense by emboldening the possessor." *Justice*, 679 at 1256.

Accordingly, the district court's reasoning was consistent with our precedent, and its finding that Mr. Maxey-Velasquez's possession of a firearm facilitated, or had the potential to facilitate, his possession of narcotics was not clearly erroneous.

### b. Receipt of a Stolen Trailer

For similar reasons, the district court's finding that possessing a weapon facilitated Mr. Maxey-Velasquez's receipt of the stolen trailer was not clearly erroneous. The district court found that Mr. Maxey Velasquez "was aware of the substantial risk that law enforcement or the rightful owner of the trailer might recognize it as stolen and confront" him, and that "[c]arrying a firearm had the potential to embolden him to retain possession of the trailer." Order at 5.

Yet, Mr. Maxey-Velasquez argues that the district court order should be reversed. He contends that the district court's conclusion relied on speculation rather than specific facts tying Mr. Maxey-Velasquez's firearms possession with his receipt of the stolen trailer.

We disagree. Contrary to Mr. Maxey-Velasquez's contention, the district court's conclusion here was rooted in evidence, not guesswork. The guidelines commentary directs courts to apply the § 2K2.1(b)(6)(B) enhancement "if the firearm or ammunition facilitated, *or had the potential of facilitating*, another felony offense." U.S.S.G. 2K2.1 cmt. n.14(A) (emphasis added); *see also Sanchez*, 22 F.4th at 942 ("All § 2K2.1(b)(6)(B) requires under our precedents is that Defendant's possession of the firearm had the potential to facilitate his possession of the stolen vehicle."). The U.S.S.G. § 2K2.1(b)(6)(B) enhancement may be applied based on a firearm's *potential* to facilitate another felony. Determining whether the possession of a firearm could potentially facilitate another felony inherently involves a forward-looking assessment of what *could have* occurred due to the firearm's presence—a reasoned judgment about possible outcomes based on the evidence available. But in reaching that conclusion regarding the firearm's potential to facilitate another felony, the district courts must still analyze the evidence presented and establish how the firearm's presence, within the specific facts of the case, could contribute to the criminal activity. The district court did that here.

Indeed, the district court's factual findings support its conclusion that the firearm could have facilitated the felony: (1) Mr. Maxey-Velasquez was aware of the substantial risks that might occur if the trailer's owner or law enforcement were to confront him while he was in possession of the trailer, and (2) possessing the firearm would have emboldened Mr. Maxey-Velasquez to confront these risks. Order at 5. Neither of these findings was clearly erroneous. We have affirmed the application of

the § 2K2.1(b)(6)(B) enhancement under analogous circumstances and see no reason to reach the opposite conclusion here. *Sanchez*, 22 F.4th at 942 (finding no abuse of discretion in application of § 2K2.1(b)(6)(B) enhancement appropriate where defendant possessed a firearm while knowingly driving a stolen car).

In sum, the district court did not clearly err in applying the § 2K2.1(b)(6)(B) enhancement for use of a firearm in connection with drug possession and receipt of stolen goods.

### B. Acceptance of Responsibility

#### 1. Legal standards and background

A court should decrease a defendant's offense level by two if "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(b). If the defendant qualifies for a reduction under this provision, a district court may reduce his offense level by another level if: (1) the offense level was above 16 prior to that operation, and (2) the government submits a motion "stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." *Id.* The defendant bears the burden of proving that he qualified for the sentencing reduction. *United States v. Meyers*, 95 F.3d 1475, 1486 (10th Cir. 1996).

The guidelines commentary for this provision provides a non-exhaustive list of factors that a court may consider when determining whether a defendant has accepted

responsibility: (1) admitting to the conduct, (2) terminating or withdrawing from criminal conduct or associations, (3) voluntary payment of restitution, (4) voluntary surrender to authorities shortly after commission of the offense, (5) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense, (6) voluntary resignation from the office or position held during commission of the offense, (7) post-offense rehabilitative efforts, and (8) timeliness of the defendant's conduct in manifesting the acceptance of responsibility. U.S.S.G. § 3E1.1 cmt. n.1 (U.S. Sentencing Comm'n 2004). Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," Note 5 counsels that "the determination of the sentencing judge is entitled to great deference on review." *Id.*, cmt. n. 5; *see also United States v. Nevarez*, 55 F.4th 1261, 1266 (10th Cir. 2022) (citing *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) (quoting U.S.S.G. § 3E1.1 cmt. n.5)).

"A district court's application of the sentencing guidelines is reviewed for abuse of discretion." *Anderson*, 62 F.4th at 1265. "In applying that standard, we review questions of law de novo and factual findings for clear error, giving due deference to the district court's application of the Guidelines to the facts." *Id.* (internal quotation marks omitted).

### 2. Application

The district court held two hearings to determine Mr. Maxey-Velasquez's sentence. As noted above, the court reserved judgment on the applicability of the § 2K2.1(b)(6)(B) enhancement at the first hearing, stating that it would issue a

written opinion on the matter subsequently. In the interim, police officers conducted a traffic stop on Mr. Maxey-Velasquez. During a subsequent search of his car, police officers discovered suboxone strips, hypodermic needles, and allegedly counterfeit United States currency.

The district court considered this new development when it reconvened for the second sentencing hearing. Although suboxone is a legal substance, the district court found that "the quantity of Suboxone that was found" on Mr. Maxey-Velasquez was "not consistent with legal prescription use." Tr. at 31. The district court therefore concluded that possession of suboxone and drug paraphernalia was inconsistent with acceptance of responsibility, and it denied Mr. Maxey-Velasquez's motion for a decrease under § 3E1.1(a).

The issue before this court is whether the district court abused its discretion when it denied Mr. Maxey-Velasquez's § 3E1.1(a) motion upon consideration of felonies unrelated to the specific charge at sentencing. Does "acceptance of responsibility" mean a defendant accepts responsibility for his specific crime, or for his general criminal conduct? The sentencing guidelines commentary instructs courts to consider a defendant's "voluntary termination or withdrawal from criminal conduct or associations"—but it does not specify whether the criminal conduct or associations must relate to the specific crime charged. U.S.S.G. § 3E1.1 cmt. n.1(B).

But in *United States v. Prince*, 204 F.3d 1021, 1023 (10th Cir. 2000), "we joined the majority of circuits and held that the Guidelines do not prohibit a sentencing court from considering, in its discretion, criminal conduct unrelated to the

offense of conviction in determining whether a defendant qualifies for an adjustment for acceptance of responsibility under § 3E1.1." *United States v. Finnesy*, 953 F.3d 675, 701 (10th Cir. 2020) (cleaned up).

Under our precedents, "[e]ven when a defendant truthfully admits his role in the offense of conviction, a district court may properly deny the § 3E1.1 decrease if the court concludes the defendant engaged in conduct that is inconsistent with acceptance of responsibility." *United States v. Patron-Montano*, 223 F.3d 1184, 1189 (10th Cir. 2000). Thus, courts may consider both the defendant's admission of wrongdoing in the offense of conviction and his broader conduct when determining if he has accepted responsibility for his offense. Here, the district court did not abuse its discretion to consider the Mr. Maxey-Velasquez's subsequent possession of narcotics, and its conclusion that such possession was inconsistent with acceptance of responsibility was not clearly erroneous.

Urging us to reverse the district court, Mr. Maxey-Velasquez asks us to adopt the Sixth Circuit's jurisprudence on the matter. The Sixth Circuit restricts "acceptance of responsibility" to "conduct which is related to the underlying offense." *United States v. Morrison*, 983 F.2d 730, 735 (6th Cir. 1993). But as stated above, this interpretation is foreclosed by our precedent. We have held that the Guidelines do "*not* . . . qualify [the voluntary termination or withdrawal from criminal conduct or associations] factor to permit consideration of only criminal conduct related to or of the same nature as the offense of conviction." *Finnesy*, 953 F.3d at 701 (citing *Prince*, 204 F.3d at 1023).

In sum, the district court did not abuse its discretion in considering conduct unrelated to the underlying offense of conviction. We therefore affirm the district court's decision to deny Mr. Maxey-Velasquez's § 3E1.1(a) motion.

## III.  Conclusion

We affirm the district court's application of the § 2K2.1(b)(6)(B) enhancement and its denial of Mr. Maxey-Velasquez's motion for a § 3E1.1(a) decrease.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge